IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Matthew Darrah, | ) |
| | ) Civil Docket No.: 4:17-CV-01331-RBH |
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| Horry County, | ) |
| Defendant. | ) |

Pending before the Court is Plaintiff's Motion to Remand this case to the South Carolina Court of Common Pleas for Horry County. [ECF #9]. Defendant filed a response in opposition to this motion, and Plaintiff filed a reply. [ECF #11; ECF #16]. October 20, 2017, Magistrate Judge Kaymani D. West issued a Report and Recommendation wherein she recommended this motion be granted. [ECF #22, p. 2]. Defendant filed objections on November 3, 2017, and Plaintiff filed a reply to these objections on November 16, 2017. [ECF #23; ECF #25]. The Court has carefully reviewed the motion, memoranda of counsel, and the record in the case. This Court now issues the following Order.

## I. Background Facts and Procedural History

Plaintiff formerly worked for the Horry County Police Department. Plaintiff alleges that on March 25, 2013 he was hired to be a Professional Standards Investigator. [ECF #1-1, p. 4]. During the course of his employment, Plaintiff alleges he investigated a number of police officers, as well as uncovered cases that were not investigated within the department. [ECF #1-1, p. 4]. On October 23, 2015, Plaintiff alleges he suffered a mini-stroke while at a training seminar, but he was advised he could return to light duty by his physician on November 18, 2015. [ECF #1-1, p. 5]. Plaintiff alleges that Defendant would not allow him to return to work until he underwent an examination by their

doctor. [ECF #1-1, p. 5]. Plaintiff further alleges he was involved in an automobile wreck while on duty and underwent significant medical treatment. [ECF #1-1, p. 5]. Plaintiff alleges he made a formal complaint regarding the failure to investigate various wrongdoings he had uncovered on November 23, 2015, and he received an e-mail the next day informing him his badge, gun, and vehicle would be picked up by a Lieutenant. [ECF #1-1, p. 5]. Plaintiff alleges he was "demoted" to a position where he would review business licenses and inspect tow trucks. [ECF #1-1, pp. 5-6]. Plaintiff alleges he was terminated on August 12, 2016. [ECF #1-1, p. 6].

Plaintiff brings five claims against Defendant, including breach of implied covenant of good faith and fair dealing; violation of the South Carolina Whistle Blower Act; violation of public policy; violation of the employee grievance procedure; and violation of S.C. Code Ann. §41-1-80, which prohibits retaliation against employees for bringing workers' compensation proceedings. On April 20, 2017, Plaintiff filed his Complaint in the Horry County Court of Common Pleas. On May 23, 2017, Defendant removed this action to federal court on the grounds that the federal court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. [ECF #1]. Plaintiff has now filed a motion for remand arguing that because only state law relief is being sought, these claims should be litigated in state court. Defendant argues that this case is properly before this Court because Plaintiff references the Family Medical Leave Act (the "FMLA") within his Complaint in the first and fourth causes of action, thereby implicating federal jurisdiction.

In the first cause of action (breach of implied covenant of good faith and fair dealing), Plaintiff contends that the County altered his employment by demoting him and allowing him 26 weeks as the maximum absence of work, and further, "refused to comply with the Family Medical Leave Act." [ECF #1-1, p. 7]. Plaintiff also contends that Defendant breached the covenant of good faith and fair dealing

2

by failing to handle his complaints according to established policies and procedures. [ECF #1-1, p. 7]. Plaintiff further contends that Defendant's actions violate the FMLA and the employment manual.[1] [ECF #1-1, p. 7]. In the fourth cause of action (violation of S.C. Code Ann. §41-1-80), Plaintiff alleges that South Carolina law prohibits an employer from discharging an employee for instituting worker's compensation proceedings. [ECF #1-1, p. 9]. Further, Plaintiff alleges that when he inquired about the applicable time he would have for absence from work for a back injury, he was told that he would be allowed 26 weeks maximum. [ECF #1-1, p. 9]. Plaintiff alleges Defendant informed him that the FMLA did not provide him additional time. [ECF #1-1, p. 9]. Plaintiff contends that Defendant violated the FMLA and the South Carolina Workers' Compensation law. [ECF #1-1, p. 10]. Based on these allegations, Defendant contends this matter is properly before the federal court. Plaintiff contends that these references do not implicate federal jurisdiction because he has not pled a cause of action under the FMLA, but instead has pled all state law causes of action.

## II. **Standard of Review**

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove any civil action brought in a state court to the district court if the district court has original jusridiction. Here, Defendant filed a notice of removal, seeking to remove this matter because it argues this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and has pendent jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367. The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises

---

[1] Defendant argues within its objections that the Magistrate Judge erred in finding that Plaintiff alleged the at-will employment status was altered by the "county employment manual." This Court notes that within the Complaint, Plaintiff alleges as follows: "Plaintiff is informed that Defendant's actions violated the Family Medical Leave Act and the county employment manual in terminating Plaintiff." [ECF #1-1, p. 7, ¶ 27].

3

significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Id*. (citing *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey,* 29 F.3d at 151. The removing party also bears the burden of showing compliance with 28 U.S.C. § 1446(b). *Andrews v. Daughtry*, 994 F.Supp.2d 728, 732 (M.D.N.C. 2014).

### III. Discussion

Defendant removed this case based upon the fact that the complaint involves a federal question pursuant to 28 U.S.C. § 1331. Plaintiff now seeks for this case to be remanded because Plaintiff argues he brings only state law causes of action. Plaintiff does not deny that he made several references to the FMLA within his Complaint. Defendant's basic position is that Plaintiff's right to recovery under the first and fourth causes of action depend upon the ability of Plaintiff to prove Defendant violated the FMLA. However, Plaintiff is not pursuing a statutory FMLA cause of action or claim, and argues simply that alleged violations of this federal statute are evidence supporting his state law claims.

Federal courts are courts of limited jurisdiction. Generally, federal question jurisdiction is present only if presented on the face of a properly-pled complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant argues that here, remand is not proper because resolution of at least two of Plaintiff's claims depends upon the resolution of a substantial question of federal law. Here, Plaintiff made several references to the FMLA within the Complaint. The Magistrate Judge recommends that remand is appropriate because aside from alleging a violation of the FMLA, Plaintiff brings state law causes of action relying upon several theories as the reason for seeking damages.

In *Mulcahey v. Columbia Organic Chem. Co., Inc.*, the Fourth Circuit provided the framework to analyze a situation where a complaint referenced federal environmental statutes as a part of state law

negligence claims to determine whether federal subject matter jurisdiction provides a basis to deny a motion to remand. First, a court must discern whether federal or state law creates the cause of action. 29 F.3d 148, 151 (4th Cir. 1994). If state law, rather than federal law, creates the cause of action, federal question depends on whether the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)); *see generally Dixon v. Coburg, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). In construing what constitutes a substantial question of federal law, the Fourth Circuit explained that there is no precise definition or automatic test. *Mulcahey,* 29 F.3d at 152. For example, if a federal law does not provide a private right of action, a state law action based on this violation would not raise a substantial question. *Id.* (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). At the same time, the presence of any private federal remedy would not always establish federal question jurisdiction. *Id.* Moreover, where claims within a complaint are supported by alternative theories beyond federal subject matter to establish jurisdiction, federal subject matter may not exist. *Id.* at 153 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988)).

Thus, in *Mulcahey*, the Fourth Circuit found remand appropriate because the plaintiffs relied on two theories to develop a negligence claim, only one of which relied solely upon federal statutes. In other words, plaintiffs could have still been entitled to recover, even if the defendants were found not to have violated any federal law. *See Dixon*, 369 F.3d at 817 (relying upon *Mulcahey* and finding that although a plaintiff referenced the First Amendment within his complaint, the plaintiff also referenced other theories to support a finding of liability). The Fourth Circuit further explained in *Dixon* that even when Congress creates a private cause of action for a federal law violation, federal question jurisdiction could still be lacking over a state law claim that is predicated on a violation of the

5

state law. *Id.* at 819.

Here, Plaintiff alleges as a first cause of action the violation of the implied covenant of good faith and fair dealing. Plaintiff alleges this theory of liability based on Defendant's actions in demoting him, in taking action against him for investigation of corruption within the police department, and in failing to follow established policies and procedures. The alleged refusal to comply with the Family Medical Leave Act is a fact allegedly supporting Plaintiff's claims. This Court finds that the alleged failure to comply with the FMLA as to the first cause of action is an allegation supplied by Plaintiff in alleging liability under state law. As to the fourth cause of action, Plaintiff alleges that Defendant violated S.C. Code Ann. § 41-1-80, which prohibits an employer from discharging an employee from employment for instituting or participating in worker's compensation proceedings. Plaintiff further alleges that Defendant violated both South Carolina Workers' Compensation Law and the FMLA by terminating him for failure to return to work after a serious back injury he received while on the job, in part because Defendant provided a maximum allowance of 26 weeks absence period. Thus, this Court also agrees with the Magistrate Judge that the alleged failure to follow the FMLA is but one allegation Plaintiff uses to establish a theory of retaliatory or unlawful discharge.

This Court is mindful of the fact that Plaintiff references a violation of the FMLA to support one or more causes of action. However, Plaintiff provides other actions, that if proven, could support his claims as well, for example punitive action and retaliatory action taken by Defendant. Defendant argues within its objections that these other theories do not form the basis for a cause of action because these other theories cannot alter the at-will employment relationship in question. However, a review of the Complaint reveals that Plaintiff alleged his employment status was altered, "including" demoting him and allowing a certain maximum number of weeks to miss work. The Plaintiff then alleged

6

additional facts to support his claims, two of which were failing to follow established policies and procedures and violating the county employment manual in terminating Plaintiff. Whether Plaintiff will be successful in proving these claims is not the issue currently before this Court.

Finally, Defendant's reliance upon *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) does not demand a different result. In *Grable*, the Supreme Court expressly stated that case law has moved away from an expansive view of federal-question jurisdiction that the mere need to apply federal law in a state law case will be sufficient to open the "arising under" door of the federal question doctrine. *Grable*, 545 U.S. at 313. While the Supreme Court did find federal jurisdiction proper in *Grable*, the facts are distinguishable from the facts in the present case. In *Grable*, the plaintiff premised his quiet title action on a failure by the Internal Revenue Service to provide adequate notice of a tax sale, as defined by federal law. *Id.* at 314-15. Therefore, not only was it the only legal or factual issue presented in the case, but the meaning of the federal statute was actually in dispute. This Court finds the facts at issue in this case distinguishable in *Grable*. Accordingly, having reviewed the pleadings at issue in this case, this Court finds that remand is proper as Plaintiff has not raised a substantial question of federal law sufficient to justify federal jurisdiction.[2]

## IV. Conclusion

For the reasons stated above, this Court agrees with the recommendation of the Magistrate Judge and adopts and incorporates the recommendation in this Order. [ECF #22]. This Court **GRANTS** Plaintiff's Motion to Remand. [ECF #9]. Consistent with this Order, this case is therefore remanded to the Court of Common Pleas of Horry County at this time.

---

[2] Additionally, the Court notes that the remedies under the FMLA provide for lost wages, limited actual monetary loss such as the cost of providing care, interest, liquidated damages, equitable relief such as reinstatement, and attorneys fees. *See* 29 U.S.C. § 2617. The Plaintiff's first South Carolina common law cause of action does not provide for many of these remedies. Likewise, Plaintiff's fourth South Carolina statutory cause of action limits his remedies.

**IT IS SO ORDERED.**

Florence, South Carolina                       s/ R. Bryan Harwell
February 12, 2018                            R. Bryan Harwell
                                                           United States District Court Judge